UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CYNTHIA HAFER ROBINSON,

    Plaintiff,

v.                                              CASE NO. 5:22-CV-18-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff argues the ALJ violated her right to an in-person hearing and failed to properly evaluate a medical source opinion. After considering the parties' memoranda (docs. 22, 24) and the administrative record (doc. 18), I find the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence.[1]

    I.    *Background*

Plaintiff Cynthia Robinson, born on January 24, 1963, was 54 years old on her alleged disability onset date of December 15, 2017 (Tr. 194). Plaintiff graduated from college with a degree in substance abuse counseling and obtained master's degrees in marriage and family counseling and in theology (Tr. 48, 225). Plaintiff worked as a

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

1

psychotherapist but stopped due to migraines and seizures (Tr. 52-53). After moving to Florida, Plaintiff worked at Disney as an attraction host until she "blew [her] back out" (Tr. 52-54, 225). At the time of Plaintiff's 2019 administrative hearing, she lived in a home with her husband and a housemate who rents a room (Tr. 47). Plaintiff alleged disability due to spondyloses, spinal stenosis, bulging discs, chronic migraine disorder, and seizure disorder (Tr. 224). At the hearing she also testified to suffering from seronegative rheumatoid arthritis, especially in her hands and feet, and chronic fatigue syndrome (Tr. 62-63, 66).

Given her alleged disability, Plaintiff filed an application for a period of disability and DIB (Tr. 192-193). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 90, 107). Plaintiff then requested an administrative hearing (Tr.140-141). Per Plaintiff's request, the ALJ held a hearing on October 29, 2019 (Tr. 41-77). Following the hearing, the ALJ issued an unfavorable decision on December 3, 2019, finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 20-40). In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since her alleged onset date of December 15, 2017 (Tr. 25). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: fibromyalgia, migraines, seizure disorder, left shoulder osteoarthritis, obesity, and degenerative disc disease (Tr. 26). Notwithstanding the noted severe impairments, the ALJ determined

that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(a) with the following limitations:

> … can frequently climb ramps or stairs, but never climb ladders, ropes, or scaffolds. The person can occasionally stoop, frequently kneel, crouch, or crawl. The person must avoid concentrated exposure to extreme cold, excessive noise, excessively bright lighting, and excessive vibration. The person must avoid all exposure to unprotected heights and hazardous machinery. The person is limited to frequent handling and fingering bilaterally, and occasional overhead reaching with the left upper extremity.

(Tr. 29). In formulating Plaintiff's RFC, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p (Tr. 29).

The ALJ opined that Plaintiff can perform her past relevant work as a clinical therapist as this work does not require the performance of work-related activities precluded by her RFC (Tr. 35). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 35). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Standard of Review

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and

work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are

supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

    III.    Discussion

        A. Video hearing

Pursuant to 20 C.F.R. § 404.950(a), "[a]ny party to a hearing has a right to appear before the administrative law judge, either by video conferencing, in person, or, when the conditions in § 404.936(c)(2) exist, by telephone, to present evidence and to state his or her position." The SSA sets forth the following procedure for objecting to appearing by video conference:

> Prior to scheduling your hearing, we will notify you that we may schedule you to appear by video teleconferencing. If you object to appearing by video conferencing, you must notify us in writing within 30 days after the date you receive the notice. If you notify us within that time period and your residence does not change while your request for hearing is pending, we will set your hearing for a time and place at which you may make your appearance before the administrative law judge in person.

20 C.F.R. § 404.936(d).

On April 12, 2019, Attorney Ronald Watson requested a hearing before an ALJ on Plaintiff's behalf (Tr. 139-141). On April 19, 2019, the Orlando Office of Hearings Operations mailed Plaintiff a letter acknowledging her request for a hearing before an ALJ (Tr. 109-123). This letter included information regarding to use of video conferencing for the hearing and explained her right to object *within 30 days* to appearing via video conferencing (Tr. 109, 112). The letter was not copied to Mr.

6

Watson (Tr. 109-123). On May 24, 2019, the SSA sent Plaintiff a letter informing her that her case had been transferred to the National Hearing Center from the Orlando, Florida Hearing Office (Tr. 142-143). This letter was not copied to Mr. Watson (Tr. 142-143).

Thereafter, on June 3, 2019, Mr. Watson, on behalf of Plaintiff, submitted a letter to the Office of Hearings Operations objecting to her hearing being by video teleconferencing and requesting that her file be transferred back to the Orlando Office of Hearings Operations to coordinate an in-person hearing of her case (Tr. 146). On June 24, 2019, after receiving a notice from the Office of Hearings Operations scheduling a videoconference hearing for October 29, 2019, Mr. Watson again objected to the video hearing and again requested that the file be transferred to the Orlando Office of Hearings Operations (Tr. 177). On July 16, 2019, Plaintiff completed an *Objection to Video Teleconferencing- Request to Show Cause* form stating therein that:

> I did not receive the Objection to Video Conferencing letter or form prior to my hearing being transferred to a video hearing. In received a notice dated May 24, 2019, stating that my case was being transferred to the National Hearing office. My attorney was not copied on that notice. I did not receive any notice confirming the hearing and no forms were sent to me or my attorney to object to the video hearing prior to my case being transferred to the National Hearing office for a video hearing. My attorney did not object in the letters to your office dated June 3, 2019, and June 24, 2019.

(Tr. 183).

Plaintiff acknowledges that in the Eleventh Circuit "the presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and

was deposited in the mail." Doc. 22 at 9 (quoting *Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498, at *1 (M.D. Fla. Dec. 15, 2010)). She posits that there is no record evidence before the Court to trigger the presumption of receipt of the April 19, 2019, letter that informed Plaintiff of her right to object within thirty days to the video conference hearing. She further asserts that even if the presumption of receipt had arisen, both she and her counsel have rebutted the presumption by contesting that neither of them received a copy of the April 19, 2019, letter. Based upon this deficiency, Plaintiff requests this case be reversed and remanded to provide her with the opportunity to appear in person before an ALJ for an administrative hearing. In response, the Commissioner maintains that the ALJ correctly concluded that Plaintiff did not show good cause for her failure to timely object to the video conference hearing and that the ALJ did not violate Plaintiff's right to an in-person administrative hearing. Doc. 24 at 6 (citing 20 C.F.R. § 404.936(d)(2); 20 C.F.R. § 404.911)).

Although the Commissioner persuasively argues that Plaintiff has not shown good cause for her failure to timely object, the Court need not address that issue because the Commissioner even more convincingly asserts that the Plaintiff has failed to show, or even argue, that she was prejudiced by appearing for a video conference hearing rather than an in-person hearing. As the Commissioner states, the deprivation of a right to an in-person hearing is a regulatory wrong, not a constitutional wrong, and thus, Plaintiff must demonstrate prejudice before it is found that her right to due process has been violated to such a degree that the case must be remanded to the

Commissioner. *See, e.g., Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (finding that claimant who alleged she was deprived statutory right to counsel would be required to show prejudice for Court to find that her right to due process was violated to such a degree that case must be remanded for further development of the record). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319 (1976).

In her appeal to this Court, Plaintiff does not claim she was denied a meaningful hearing at a meaningful time. Rather, the single issue Plaintiff raises (aside from her assertion that her right to an in-person hearing was violated) is that the ALJ erred in considering the opinion of Dr. Sambandam, a treating physician. Plaintiff does not challenge the ALJ's conduct at the video conference hearing or suggest that the video conference hearing was unfair. Thus, I cannot conclude that Plaintiff has demonstrated prejudice and cannot find that her right to due process has been violated to such a degree that the case must be remanded to the Commissioner. Accordingly, I find no merit in Plaintiff's assertion that her case should be reversed and remanded for the opportunity to appear in person before an ALJ for an administrative hearing. *See, e.g., Brown v. Comm'r of Soc. Sec.,* No. 6:14-cv-2051-Orl-41TBS, 2015 WL 13741553, at *7 (M.D. Fla. Nov, 24, 2015) (claimant, whose request for in-person hearing failed to comply with 20 C.F.R. §936(e), had not shown that his due process rights were violated because he had not shown, or even argued, that any prejudice resulted from the video conference hearing); *Floyd v. Comm'r of Soc. Sec.*, No. 2:20-cv-11839, 2022

WL 454019, at *5 (E.D. Mich. Jan. 28, 2022) (finding claimant had not shown that she was prejudiced or deprived of substantial rights as a result of hearing being conducted via videoconference rather than in person despite her timely objection to videoconference).

### B. *Medical source opinion*

Since Plaintiff submitted her application for benefits on July 8, 2020, the ALJ properly applied the new regulations governing medical opinions.[2] Namely, under 20 C.F.R. § 404.1520c, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization. 20 C.F.R. § 404.1520c(c)(1)-(4). The primary factors an ALJ will consider when evaluating the persuasiveness of a

---

[2] Previously, in the Eleventh Circuit, an ALJ was required to afford the testimony of a treating physician substantial or considerable weight unless "good cause" was shown to the contrary. *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Claims filed on or after March 27, 2017, however, are governed by the new regulations that remove the "controlling weight" requirement when considering the opinions of treating physicians. 20 C.F.R. § 404.1520c(a). *See also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022) (concluding that, since the new regulations fall within the scope of the Commissioner's authority and are not arbitrary and capricious, the new regulations abrogate the Eleventh Circuit's prior precedents applying the so-called treating-physician rule).

medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a) & (b)(2). Specifically, the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. § 404.1520c(c)(3)(i)-(v), (4), & (5). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[3] 20 C.F.R. § 404.1520c(b)(2).

---

[3] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

Plaintiff complains that the ALJ improperly cherry-picked findings from Dr. Carolina Mejia Otera's April 30, 2019, treatment note to reject Dr. Raam Sambandam's opinion. The Commissioner, in response, asserts that the ALJ properly evaluated the medical source opinions, and his RFC is supported by substantial evidence. Review of the ALJ's decision reveals that the ALJ complied with the applicable regulations in considering the opinion evidence and in formulating his RFC. Specifically, consistent with the new regulations, the ALJ discussed Dr. Sambandam's opinions (Tr. 34). The ALJ stated:

> The undersigned finds the opinions of Dr. Raam Sambandam unpersuasive, as they are not supported by or consistent with the evidence (Exhibit 10F; Exhibit 13F). For example, Dr. Sambandam suggested that the claimant needs to lie down once an hour. By way of support, Dr. Sambandam noted an MRI showing stenosis in the cervical and lumbar spine (Exhibit 10F, p.2). Dr. Sambandam also suggested multiple absences per month and cognitive struggles, noting the claimant's seizure disorder. Yet, the claimant reported that her seizures seemed to happen when she misses doses (Exhibit 19F, p.8). Examination findings were generally normal (Exhibit19F, p.12). Notes also suggested that the claimant was doing well on her treatment for migraines. Moreover, on April 30, 2019, notes suggested only trace fullness in some small joints of the hands and fibromyalgia tender points. The claimant reported that her musculoskeletal issues had gotten a little better, particularly the pain and swelling in her hands and feet. The claimant also reported that a local rheumatologist told her that there was nothing wrong with her. Upon exam, the claimant was observed with normal range of motion of her neck, elbows, wrists, finger and hand joints, hips, knees, and ankles (Exhibit 15F, p.3).

(Tr. 34).

Though an ALJ may not take on the role of doctor, the final responsibility for determining the RFC remains with the Commissioner, not a physician. *Leslie v. Comm'r of Soc. Sec.*, 2022 WL 4476661, at *4 (11th Cir. Sept. 27, 2022). Here, in finding Dr. Sambandam's opinion unpersuasive and in formulating the RFC, the ALJ did not

12

"play doctor," but rather considered all the evidence of record. As set forth above, the regulations require the ALJ to evaluate the persuasiveness of medical opinions and prior administrative findings. Notably, the applicable regulation contains a "source-level" articulation requirement, and do not require the ALJ to address every limitation or prior administrative finding identified by a medical source. *See* 20 C.F.R. § 404.1520c(b)(1). Moreover, the regulations do not require the ALJ to defer to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). Similarly, the regulations do not require the ALJ to adopt every part of an opinion or prior administrative finding that she finds persuasive into the RFC. 20 C.F.R. §§ 1513a(b)(1), 404.1520c(a)-(b). In fact, the regulations clearly articulate that it is the ALJ's responsibility to assess RFC "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3); 404.1546(c).

Plaintiff suggests that evidence in the administrative record supports the significant exertional limitations imposed by Dr. Sambandam. Under the substantial evidence standard of review Plaintiff must do more than point to evidence in the record that supports her position. Instead, she must show the absence of substantial evidence supporting the ALJ's conclusion. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F. 2d 1356, 1358 (11th Cir. 1991)). When reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains substantial evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such

evidentiary sufficiency is not high." *Id.*  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.  Here, the ALJ properly analyzed the supportability and consistency of Dr. Sambandam's opinions in determining their persuasiveness, as required by 20 C.F.R. § 404.1520c(c) (Tr. 34).  Hence, upon consideration, the Court finds that there is substantial evidentiary support for the ALJ's RFC evaluation.

   *IV.   Conclusion*

Accordingly, after consideration, it is hereby

ORDERED:

1.   The decision of the Commissioner is affirmed.

2.   The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE and ORDERED in Tampa, Florida on March 13, 2023.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE